WILLIAM CUTTILL, Appellant, v. WALTER HARRINGTON et al.,
Appellees.

FRAUDS, STATUTE OF:   Promise to Pay Debts of Old Partnership.
1  The oral promise of an incoming partner, on a consideration
   personal to himself, to pay the debts of the old partnership, is
   not within the statute of frauds.

PARTNERSHIP:   Estoppel by Holding Out.   He who holds himself
2  out as a partner is thereby estopped to deny liability as a part-
   ner to any creditor who relies thereon.

*Appeal from Mahaska District Court.*—HENRY SILWOLD,
Judge.

FEBRUARY 19, 1919.

ACTION for wages resulted in judgment, in part as pray-
ed.  The plaintiff appeals.—*Reversed.*

*Edward A. Schmidt* and *McCoy & McCoy,* for appel-
lant.

*Burrell & Devitt* and *Vander Ploeg & Johnson,* for ap-
pellees.

LADD, C. J.—Plaintiff alleged, in the first count of his
petition, that he entered into an oral contract with the
Knoxville Motor Car Company, to render services as a
salesman and machinist, at the salary of $75 per month,
and so did from March 18, 1913, until January 18, 1915.
In the second count, the allegation was that he rendered
such services at the instance and request of said company.
W. H. Witt, Harry Lindsley, Walter H. Harrington, and
Nate Harrington are alleged to have constituted the co-
partnership known as the Knoxville Motor Car Company,
and judgment was prayed in the sum of $1,271.  Later, an
amendment to the petition was filed, alleging that, early

in January, 1914, Nate and Walter H. Harrington entered the firm known as the Knoxville Motor Car Company; that plaintiff then informed Nate Harrington and his son, Walter H., that the company was owing him about $600, that, unless this were paid or guaranteed, he would quit work, and not continue in the service of the company; that Nate Harrington then related that he had bought into the firm for himself and son, desired to make the business a success, and that:

"We need you and must have you, and you must go to work, and, while we are a little short on money just now, on account of the fact that we have to pay for the new machinery, etc., but you stay, and we will pay you along as you need it, and in the fall we will pay you all of it, when we get the money in, and you shall have your money that is now owing you and what you earn in the future, if you will only stay with us, because we need you, and will guarantee that you will receive all back money due."

The plaintiff further alleged that he continued in the company's employment, in reliance upon this promise, until January 18, 1915, when the sum of about $1,700 was owing him, upon which but $480 had been paid. In his answer, Nate Harrington denied having been a partner, and also denied having promised as alleged. In reply, plaintiff pleaded, in estoppel, that Nate Harrington had stated to the plaintiff that he was a member of said partnership; that he wished him to continue in the service of the company; and that, as a partner, he would see that plaintiff received compensation for his services; and that plaintiff, in reliance thereon, and on Harrington's being a partner, continued in the employment of said company.

I.  Originally, the Knoxville Motor Car Company was a copartnership, composed of W. H. Witt and Harry Lindsley, and so continued until January, 1914. At that time, Walter H. Harrington, at least, became a partner.

The jury found that there was owing by the Knoxville Motor Car Company to plaintiff, at the time this change was made, the sum of $595.56, but the court omitted to enter judgment against the firm, as theretofore constituted, or against W. H. Witt, who was a member of the copartnership as then constituted, and a party to the action. This was error, and judgment will be so entered against both on remand.

The past debts of the firm were not the obligations of the copartnership after Walter H. Harrington became a partner.

II.   The contention of plaintiff is that recovery may be had thereon because of Nate Harrington's promise to pay the same.  He denied having made such promise, but plaintiff testified that he had a talk with Nate Harrington, in which the latter said that he had bought a one-third interest in the company; that his money went into it; that he had signed no agreement to show himself a partner; that he was a silent partner, and assumed the back debts of the garage;   that some machinery 'had been bought, and cars; that he (Cuttill) was good help, and he didn't wish him to quit; that they didn't have the money then to pay; and that he was satisfied to pay him $75 per month; and that he should leave what he had coming, and he would pay interest thereon, and in the fall would figure up back wages; and he guaranteed that Cuttill would be paid the back salary, and "guaranteed me $75 a month salary straight in 1914;" and that he (Cuttill) relied on these promises.   Thereupon, the defendant moved to strike out all the conversation concerning the payment of back wages, and this motion was sustained.

1. FRAUDS, STATUTE OF: promise to pay debts of old partnership.

Even though this were disputed by Harrington, the jury might have found that the plaintiff continued in the employment of the new firm on Harrington's promise to

pay the existing indebtedness, and the salary agreed on for future services, in addition thereto, and would not have so continued, but for such promise. If so, the consideration was sufficient to remove the bar of the statute of frauds against such proof. In other words, continuance in the employment of the new firm might have been found to have been induced by the promise to pay the "back debts," and the court erred in excluding the evidence. See Section 4625, Code.

III. The evidence was such that the jury might have found that Nate Harrington said to plaintiff that he was a member of the firm of Knoxville Motor Car Company; and that he wished plaintiff to continue in its employment, as he was very much needed; and that he would guarantee him a salary of $75 per month during 1914; and that the plaintiff relied thereon in rendering services to said company from then on. Harrington denied having made such a statement, but this merely put plaintiff's testimony in issue; and it was for the jury to say whether Harrington so stated, and whether plaintiff, in rendering services thereafter, relied thereon, and would not have so done but for such statement. One holding himself out as a partner is estopped by his acts and conduct to deny liability as a partner to any creditor who, in reliance thereon, has rendered service or extended credit to the partnership. *Jenkins v. Barrows*, 73 Iowa 438; *Hancock & Co. v. Hintrager*, 60 Iowa 374; *Wallerich v. E. W. Smith & Co.*, 97 Iowa 308; *Sheldon v. Bigelow*, 118 Iowa 586; *In re Estate of McDonald*, 167 Iowa 582. The court withdrew this issue from the jury, as it did that of whether Nate Harrington was, in fact, a partner, and therein erred.

2. PARTNERSHIP: estoppel by holding out.

The judgment entered will be modified as indicated, and that in favor of Nate Harrington—*Reversed*.

GAYNOR, PRESTON, and STEVENS, JJ., concur.