C. W. DeLong, Appellee, v. Frank Whitlock et al., Appellants.

**PARTNERSHIP:** The Relation—Evidence—Sufficiency. Evidence reviewed, and held wholly insufficient to establish a partnership relation.

EVIDENCE:   Opinion Evidence—Conclusion in re Partnership.   The
 2   question whether an association of individuals constitutes a partner-
ship calls for a legal conclusion.

Headnote 1:   30 Cyc. p. 415.   Headnote 2:   22 C. J. p. 635.

*Appeal from Des Moines Municipal Court.*—J. E. Mershon,
Judge.

• 

November 16, 1926.

Opinion on Rehearing November 15, 1927.

Action at law, to recover judgment against the defendants,
as partners, for labor and material furnished the alleged part-
nership.   The issues were submitted to a jury, and a verdict
was returned in favor of the plaintiff in the sum of $962.51
against all of the defendants, who appeal.   As to certain defend-
ants the judgment is affirmed, and as to certain defendants the
judgment is reversed.—*Affirmed in part; reversed in part.*

*E. F. McMahon,* for appellants.

*F. L. Groesbeck,* for appellee.

De Graff, J.—This suit was commenced against the de-
fendants, as individuals, but on the theory that they were part-
ners in a certain business, and individually liable for partner-
ship debts.   The plaintiff did not ask a judgment against the
partnership itself.   This action finds its basis in Section 10983,
Code of 1924, which provides that a partnership is suable or
such action may be commenced, "against all or either of the
individual members thereof, or against it and all or any of the
members thereof."

The primary contention has to do with the sufficiency of
the evidence to sustain the partnership relation, and especially
to sustain the verdict against certain of the defendants as al-
leged partners.   The petition, as amended, alleges that work,
labor, and material were furnished to said defendants and co-
partnership by virtue of an oral agreement by and between the
plaintiff's assignor and one of the defendants herein, W. A.
De Long; that said oral agreement was made on or about March

18, 1922; and that at said time the defendant W. A. DeLong was one of the partners with the other defendants named in this action.

The defendant W. A. DeLong, father of the plaintiff, filed no answer. The defendants H. E. and W. E. Evans and H. W. Hartupee answered, by general denial, and the two Evanses also pleaded that, for and on behalf of themselves personally, under oral agreement with C. W. DeLong, they employed him to work for them personally, in the capacity of an employee and paymaster, at a definite salary, and did pay the plaintiff at different times his salary and the salary to be paid other employees of said alleged partnership, and that, by reason of said payments, the two Evanses are not indebted to plaintiff in any amount. They further claim that the said C. W. DeLong is now indebted to them, on account of an overpayment, in a certain sum, and pray judgment against DeLong for said overpayment.

The defendant Frank Whitlock answered by general denial, and further pleads that the plaintiff had been fully paid for any work, labor, and material furnished.

The defendant Kinney filed separate answer, and specifically denied membership in the alleged partnership or any connection therewith during the time stated or subsequently thereto.

It may be conceded that the plaintiff, C. W. DeLong, was employed by his father, W. A. DeLong, defendant herein. Does the evidence establish, by a fair preponderance, that all of the individual defendants were partners in the project known as the Lacona job, to which the claim for services and material relates?

At the outset, it may be observed that the defendant W. A. DeLong admits, as a witness called by the plaintiff, that he was a partner in the undertaking; that the defendant H. E. Evans, as a witness, called by the defense on this trial, admits that he was interested in and had money in the Lacona project; that the defendant W. E. Evans admits on the witness stand that he was a partner in the undertaking. These admissions are sufficient in themselves to determine the liability of these defendants in whatever amount the jury, under the evidence, found due.

What evidence connects the other defendants with the

claimed liability? The burden was upon the plaintiff to prove as he alleged. The plaintiff himself, by his testimony, does not

1. **PARTNERSHIP:** contribute in any material sense to the solution the relation: of the problem before us. He speaks of advanc-
evidence:
sufficiency. ing $400, and "the company" $75, to buy a Ford car.

"I told my father that I would let the company have the oils at Runnells. * * * At one time, the company was overdrawn at the bank, and I deposited a check for $17 from my own account. No one authorized me to do that."

What *company*, he does not state.

There is no proof of a partnership agreement or of the terms of such an agreement. The record is barren as to the essential legal incidents to establish a partnership, such as contributions or the sharing of profits and losses. There is no evidence of partnership meetings, and the sole source of plaintiff's information "as to there being a partnership" came from his father, and the plaintiff so testifies. The alleged partnership had no bank account, and it is not shown that any deposits were made in the name of a partnership. The DeLongs were the only persons who checked on the bank account, and all accounts were in the names of plaintiff C. W. DeLong or defendant W. A. DeLong. It is a matter of speculation what the name of the partnership was. These incidents are significant in the quest for evidence to sustain the liability of the non-admitting defendants, in the light of the entire record.

A person who, in fact, is not a partner, and does not admit himself to be, can only be held liable as such when it is shown that his conduct misled creditors, and that he is, therefore, estopped from showing the truth. *Brown & Bliss v. Rains*, 53 Iowa 81; *Winter v. Pipher & Co.*, 96 Iowa 17; *Sheldon and Sheldon v. Bigelow and Bigelow*, 118 Iowa 586.

In the case at bar, there is neither plea of estoppel nor proof of any act or conduct on the part of the non-admitting defendants that misled the plaintiff.

It may be further observed that there is no attempt by the instant plaintiff to prove, by general repute, that any one of the non-admitting defendants was an ostensible member of the alleged partnership. The only testimony bearing on the propo-

sition of a partnership agreement was given by the defendant W. A. DeLong.

"Q. You can tell the jury what this oral agreement [of partnership] was? A. Well, I can't see that there was any agreement, at the time."

It may be further noted that, with respect to the defendants Kinney and Hartupee, the only evidence comes from the defendant DeLong, who testified that he had a conversation with these two defendants "in regard to their procuring an interest in this partnership." This was a mere contemplation on the part of these two defendants, and falls far short of proving the fact that they were members of the alleged partnership.

Furthermore, the defendant Kinney, as a witness, positively denied that he was associated in any manner with the alleged partnership, and testified:

"I was interested in a partnership at Danbury, Iowa, in 1921, composed of W. E. Evans, W. A. DeLong, and Harry Hartupee, which was abandoned in 1921."

This partnership had reference to another drainage project,—not the Lacona job of 1922.

It is recognized by appellee that the basic element of this case is proof of the existence of the partnership, as alleged by plaintiff. It appears from the record that, during the examination of the defendant W. A. DeLong, as a witness for the plaintiff, he was asked, with respect to "the company:" "Was it a partnership or corporation?" Apparently before an objection could be interposed, the witness answered: "Partnership." Immediately, this question was asked: "Who composed the partnership? Who were members of it?" Over objection that the witness had not shown himself qualified to answer, and that the question calls for a conclusion, he was permitted to answer, and he then named the defendants in this action. Thereupon, a motion was made to strike the testimony of the witness, for the reason that it called for a conclusion of law, and no proper foundation having been laid, the witness was not qualified to answer. This motion was overruled. It is quite obvious that the first question asked the witness did call for a legal conclusion. *Miller v. Baker,* 161 Iowa 136; *Williams v. Soutter,* 7 Iowa 435; *Ellis v. Brand,* 176 Mo. App. 383 (158

2. EVIDENCE: opinion evidence: conclusion *in re* partnership.

S. W. 705) ; *Omaha & Grant S. & R. Co. v. Rucker,* 6 Colo.
App. 334 (40 Pac. 853) ; *Hubbard v. Mulligan,* 34 Colo. 236
(82 Pac. 783) ; *Alexander v. Handley, Reeves & Co.,* 96 Ala. 220
(11 So. 390) ; 22 Corpus Juris 635.

But if we concede that the objection came too late, the
question still confronts us: Does the evidence in its entirety
sustain the verdict as to the non-admitting defendants? We
answer in the negative. Therefore, as to the defendants W.. A.
DeLong, W. E. Evans, and H. E. Evans, the judgment entered
is affirmed, and as to the defendants C. N. Kinney, H. W.
Hartupee, and Frank Whitlock, the judgment is reversed.—
*Affirmed in part; reversed in part.*

EVANS, C. J., and ALBERT, MORLING, and WAGNER, JJ.,
concur.