## WICKHAM v. COMMISSIONER OF INTERNAL REVENUE (two cases).

### Nos. 9582, 9583.

Circuit Court of Appeals, Eighth Circuit.

May 10, 1933.

Addison G. Kistle, of Council Bluffs, Iowa (John P. Organ, George S. Wright, and Paul E. Roadifer, all of Council Bluffs, Iowa, on the brief), for petitioners.

J. P. Jackson, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., John H. McEvers, Sp. Asst. to Atty. Gen., and E. C. Crouter, of Washington, D. C., on the brief), for respondent.

Before STONE, VAN VALKEN-BURGH, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

There are here two petitions for review of a decision and two orders of the Board of Tax Appeals, one of which orders redetermined the deficiency in the income taxes of B. P. Wickham for the years 1917 to 1923, inclusive, and added a 50 per cent. penalty because of fraud with intent to evade the tax; the other order redetermined the deficiency in the income taxes of E. A. Wickham for the same years. The penalty was abated because of the death of E. A. Wickham on March 9, 1925.

The two cases were consolidated for hearing before the Board of Tax Appeals; and the two petitions for review are submitted in this court upon one record.

The findings of the Board of Tax Appeals are set out in the margin.[1]

---

[1] "Findings of Fact.

"Continuous since about 1888 to 1923, inclusive, B. P. Wickham and his brother E. A. Wickham, now deceased, were sole members of a co-partnership firm known as E. A. Wickham and Company, and were engaged in the building construction and paving business at Council Bluffs, Iowa. E. A. Wickham, the business head of the firm, was a man of unusual executive and business ability and a dominant figure in the business affairs of Council Bluffs. He was president of two banks in Council Bluffs,

The Board of Tax Appeals made no conclusions of law separate from the findings of as well as principal owner and executive head of the National Construction Company and the Wickham Bridge and Pipe Company, all corporations. Under this management the affairs of E. A. Wickham and Company prospered and at times it carried as much as $100,000 in cash deposits in the banks, and had assets valued at not less than $400,000.

"About 1893 or 1900, Eleanor Wickham, a sister, became bookkeeper for E. A. Wickham and Company and continued as such up to and including the years involved. No contract of employment was entered into with Eleanor Wickham for these duties, nor other understanding had, except that E. A. Wickham told her, at the time, that they needed her in the office and asked her to come in and 'be in the business.' Later, two brothers, John and Leo Wickham began working for the firm under similar circumstances. When the first of these brothers came to the firm about 1906 or 1907, E. A. Wickham said to him: 'You might just as well go into the business, John, and all work together. We will all have an interest in it.' Leo, who came in 1916, was told by E. A. Wickham that they wanted him to 'learn the business and go in with them' and that they 'would give him an interest in the concern.' No salaries were paid by the partnership firm to any of these employees; nor does the record show the time they devoted to its affairs. All, however, owned stock in the National Construction Company and the Wickham Bridge and Pipe Company, family corporations, simultaneously operated by them, from which they derived substantial dividends. From the last named corporation, during at least two of these years, Eleanor Wickham drew a yearly salary of $7,500 as secretary. All of these Wickham brothers drew certain weekly allowances as expenses when out on the business of the firm.

"On September 17, 1919, James Wickham, father of these brothers and sister, died at the family homestead in Council Bluffs, Iowa. For many years the father had been associated with his brother O. P. Wickham, in a partnership firm, as building contractors and manufacturers of brick. At the time of his death, James Wickham owned certain undisclosed business interests and properties, the title to which stood in the names of E. A. Wickham and B. P. Wickham, and which had been under the management and control of these brothers. On the day following the funeral of their father, these children of James Wickham assembled at the family homestead and entered into the following written agreement: Partnership agreement entered into this 21st day of September, 1919, by and between E. A. Wickham, B. P. Wickham, Eleanor A. Wickham, Leo J. Wickham and John J. Wickham, all children of James Wickham, decedent, who died on September 17th, 1919, whereby all agree and consent to carry on without division or interruption, the business known as the Wickham Business Interests of Council Bluffs, Iowa, and other localities, in which James Wickham, decedent, had a working interest at the time of his death, the business having been managed by E. A. Wickham and B. P. Wickham, the two oldest sons of the decedent, in whose name or names the title to the properties was taken in such manner as seems best suited to the convenience of the business, and according to the best judgment of E. A. Wickham and B. P. Wickham. And we the above named children of James Wickham, decedent, agree to continue and carry on the business in the same manner, as partners, and without division or interruption, under the management of E. A. Wickham and B. P. Wickham agreeing that all profits and earnings of every description and character shall belong 30% to E. A. Wickham, 30% to B. P. Wickham, 20% to Eleanor A. Wickham, 10% to Leo J. Wickham and 10% to John J. Wickham. Investments are to be made when deemed advisable by E. A. Wickham or B. P. Wickham, and it is further agreed that this partnership agreement shall operate from

fact. Counsel for petitioner complain of this omission as embarrassing them in the presentation of their argument in this court.

January 1st, 1919, and terminate December 31st, 1928, unless terminated by mutual agreement or by death of some of the partners prior to December 31st, 1928.

"For the taxable years here in controversy, the net income of E. A. Wickham and Company, was as follows:

| | | | |
|---|---|---|---|
| 1917 | $ 33,759.66 | 1920 | $147,716.01 |
| 1918 | 166,744.18 | 1921 | 173,498.21 |
| 1919 | 49,973.96 | 1922 | 39,947.28 |
| 1923 | | $ 74,034.42 | |

"Not accounted for in the earnings shown above is the cost of fifteen brick houses built during these years from material and labor supplied and paid for by the partnership, to which E. A. Wickham and B. P. Wickham took joint title; each claiming a one-half interest.

"Prior to 1923, no income tax return was filed in behalf of E. A. Wickham and Company; nor did either of the two partners, each of whom filed personal income tax returns for all of the years involved, report any income derived by them from the business of that partnership. Some time during 1923 officials of the Treasury Department began an investigation of the affairs of the partnership of E. A. Wickham and Company, and of the returns filed by its members. Some negotiations were had by these officials and E. A. Wickham which resulted in a postponement of the investigations until the Spring of 1924. One condition for such postponement was the execution of assessment waivers by E. A. and B. P. Wickham who represented to the government officials that they were the sole members of the partnership firm of E. A. Wickham and Company and constituted all of the parties of interest.

"On March 12, 1924, a return for the calendar year 1923 was filed in behalf of E. A. Wickham and Company. This return represented that firm to be a two-member partnership consisting of E. A. Wickham and B. P. Wickham, between whom its income amounting to $28,238.06 was apportioned in equal parts. In his individual income tax return for 1923, each of these partners reported $14,119.03, or one-half of the amount shown in the partnership return, as income received by him from the partnership in 1923. In May, 1924, Robert R. Wade, a certified public accountant was employed to audit the accounts of the partnership and to put them in shape for the government agents. Wade worked upon accounts about three months and prepared a 'set-up' from the bank deposit tickets and cancelled checks, which was the only memoranda found in the office. These memoranda failed to show the true income of this firm by more than $208,000; but, from them, an amended partnership return was prepared and filed for the calendar year 1923. On the same date delinquent returns for all prior years to and including 1918 were filed. These returns showed E. A. Wickham and Company to be a five-member partnership with interests divided, upon a percentage basis, among the following alleged partners:

| Members | Interest |
|---|---|
| E. A. Wickham | 30% |
| B. P. Wickham | 30% |
| Eleanor A. Wickham | 20% |
| Leo J. Wickham | 10% |
| John J. Wickham | 10% |

"Omitted from such returns were amounts received by the partnership for work performed for the city of Council Bluffs, in these years, as follows:

| | |
|---|---|
| 1917 | $22,046.93 |
| 1918 | 24,700.90 |
| 1919 | 3,751.32 |
| 1920 | 34,713.17 |
| 1921 | 86,988.46 |
| 1922 | 9,092.33 |
| 1923 | 27,470.22 |

"B. P. Wickham and E. A. Wickham each filed income tax returns for the years 1918 to 1922, inclu-

While we appreciate the complaint of counsel as not unwarranted, we do not think the omission is of vital importance.

The two findings of the Board of Tax Appeals which are attacked by the petitioner are the first and the last, reading as follows:

"Continuous since about 1888 to 1923, inclusive, B. P. Wickham and his brother E. A. Wickham, now deceased, were sole members of a co-partnership firm known as E. A. Wickham and Company. * * * "

"The returns filed by the petitioner B. P. Wickham for each of the years involved were false and fraudulent and were so made and filed with the intent of evading the tax."

As to the first, the petitioner contends that the partnership during the years in question was composed of five persons: E. A. Wickham, B. P. Wickham, Leo J. Wickham, John J. Wickham, brothers, and Eleanor A. Wickham, a sister.

The question whether all of these five persons, or only the first two of them, made up the partnership, is reviewable. The finding of the Board of Tax Appeals on the matter is either an ultimate fact drawn from the other facts found, or a conclusion of law from the facts found.

As to the other matter, whether B. P. Wickham filed fraudulent returns with intent to evade the taxes for the years 1917 to 1923, inclusive, our inquiry is limited to whether there is substantial evidence to support the finding.

### Members of the Partnership.

It is conceded that E. A. Wickham and B. P. Wickham organized the partnership, E. A. Wickham & Co., about 1888, and that these persons continued to be members of the partnership during all the years in question.

The inquiry thus resolves itself into the question whether the three other persons mentioned became members of the partnership

sive, but neither reported any income received in these years from E. A. Wickham and Company. For 1923, each of these partners reported receipt of $14,119.03 as his distributive share of the earnings of that firm; this being one-half of its reported earnings for the period as shown in the partnership return filed May 13, 1924. On May 26, 1924, these partners filed amended income tax returns for 1923 in which they reported less amounts than formerly returned, to-wit: $2,874.67 as their respective portion of the partnership earnings for 1923. On May 26, 1924, B. P. Wickham filed amended income tax returns for 1919, 1920 and 1921, in which he reported income received from the firm of E. A. Wickham and Company, for these years, in respective amounts of $15,588.48, $52,193.18 and $22,932.86.

"The returns filed by the petitioner B. P. Wickham for each of the years involved were false and fraudulent and were so made and filed with the intent of evading the tax."

prior to 1917 and remained such until after 1923.

Commencing with the year 1888, the firm of E. A. Wickham & Co. was engaged in the business of paving and road and railroad construction and public work in the city of Council Bluffs.

Eleanor Wickham, a sister, began to work in the office of the firm about 1900, according to the testimony of B. P. Wickham; but, according to the testimony of Eleanor herself, she began in 1893. Whatever the time, no contract of employment was made, but E. A. Wickham told her that they needed her in the business, and asked her to come in and "be in the business." No salary was paid her by the firm, nor does it appear what amount of time she devoted to the work. During at least two of the years now in controversy, she received a salary of $7,500 a year from the Wickham Bridge & Pipe Company, largely a family corporation, in which she owned stock.

It is contended by petitioner that a more definite agreement was entered into in writing in 1919. This will be taken up later.

John and Leo Wickham began working for the firm later than Eleanor, but under similar circumstances. They also owned stock in the Wickham Bridge & Pipe Company and drew substantial dividends thereon. They also drew allowances from the firm when out on the business of the firm.

In 1919, James Wickham, father of these brothers and sister, died. He and his brother, O. P. Wickham, had for many years been in partnership carrying on the business of contractors and manufacturers of brick. At the time of his death, James Wickham owned certain business interests and properties which had been managed by E. A. Wickham and B. P. Wickham, and the title to which stood in their names.

Shortly after the death of the father in September, 1919, the sons and daughter already mentioned met at the father's home, where most of them lived, and entered into the agreement which is set out in the findings of the Board of Tax Appeals.

It is the contention of petitioner that this agreement made definite the terms of a five-member partnership, E. A. Wickham & Co., already existing.

It is the contention of respondent that the agreement did not relate to the partnership, E. A. Wickham & Co., but to certain business theretofore carried on by the father. The Board of Tax Appeals apparently took this latter view.

The instrument itself lends some support to both views.

The testimony of B. P. Wickham, Eleanor Wickham, and John P. Wickham is to the effect that the agreement related to the partnership, E. A. Wickham & Co., already existing.

There are, however, other facts which must be considered in determining the question whether Eleanor Wickham, John Wickham, and Leo Wickham were members of the partnership of E. A. Wickham & Co. Some of these relate to occurrences which were before and some after the agreement of 1919.

No return on behalf of the partnership was made before May, 1924, for any year prior to 1923. Yet there was net income of the partnership for all those years, 1917 to 1922, inclusive, varying from $33,000 to $173,000.

E. A. Wickham and B. P. Wickham each filed income tax returns for the years 1918 to 1922, inclusive, but neither reported any income from the partnership of E. A. Wickham & Co.

In the individual income tax return for 1923, Leo J. Wickham swore that he received a salary of $2,600 from the partnership, but the return showed no income as a member of the partnership.

The 1921 individual return of Eleanor A. Wickham reported as income from partnerships "none." The same report was made on her 1923 return.

In 1923, the government agent began an investigation. E. A. Wickham told the agent that he wished a postponement of the investigation. He was told that a postponement could not be had unless waivers were given by the individual members of the partnership. E. A. Wickham replied: "There is only two of us in this partnership; I will sign mine now, and I will take my brother's waiver over to him and have him sign it." The waivers were signed by E. A. Wickham and B. P. Wickham.

March 12, 1924, during the period of postponement, a partnership return for 1923 was filed, sworn to by E. A. Wickham. He stated that there were two members to the partnership, himself and B. P. Wickham. The return shows that the income of the partnership was to be divided between himself and B. P. Wickham, 50 per cent. each.

Individual returns filed at the same time for E. A. Wickham and B. P. Wickham showed income from the partnership of 50 per cent. to each.

In the spring of 1924, however, the part-

nership had employed an expert named Wade to audit the accounts of the partnership and put them in shape for the government agents. In May, 1924, amended returns for 1923 and several prior years were filed for the partnership which showed a five-member partnership.

In May, 1924, E. A. Wickham and B. P. Wickham also filed amended individual returns on the same basis for 1919, 1920, and 1921, showing income received from the firm of E. A. Wickham & Co.

This change of position on the part of E. A. Wickham and B. P. Wickham in May, 1924, is significant. It came after the expert Wade had undertaken to put the accounts of the partnership in shape for the government agents, and after the agreement of September, 1919, had been brought to light by an intensive search. Prior to May, 1924, the fact (if it was a fact) of a five-member partnership had apparently been completely overlooked by E. A. Wickham and B. P. Wickham, as well as by the alleged other members.

Further, in 1922, the partnership sought relief from the insurance provisions of the Iowa Workmen's Compensation Law. The application stated that the partnership, E. A. Wickham & Co., was composed of E. A. Wickham and B. P. Wickham, and was sworn to by both of them.

We think the idea of a five-member partnership of E. A. Wickham & Co. was an afterthought brought about by the exigencies of an embarrassing tax situation.

■ Under the decisions of the courts of Iowa, to make a partnership there must be a mutual agreement or understanding between the parties to share in the profits and losses of the concern. There must also be an intent by the several parties to enter into the relation of partners. Haswell v. Standring, 152 Iowa, 291, 132 N. W. 417, Ann. Cas. 1913B, 1326; Miller v. Baker, 161 Iowa, 136, 140 N. W. 407; Fleming v. Fleming, 194 Iowa, 71, 174 N. W. 946, 180 N. W. 206, 184 N. W. 296; Florence v. Fox, 193 Iowa, 1174, 188 N. W. 966; Malvern Nat. Bank v. Halliday, 195 Iowa, 734, 192 N. W. 843; Tracey v. Judy, 202 Iowa, 646, 210 N. W. 793; Norwood v. Parker (Iowa) 217 N. W. 622; Kinney v. Bank of Plymouth, 213 Iowa, 267, 236 N. W. 31.

■ Viewing the facts above stated in the light of the authorities cited, we think a five-member partnership of E. A. Wickham & Co. was not proven. Actions sometimes speak louder than words.

The finding of the Board of Tax Appeals that the partnership of E. A. Wickham & Co. during the years in question was composed of E. A. Wickham and B. P. Wickham as the sole members is amply supported, and, in our judgment, is right.

The assignment of error based on the exclusion of testimony has been examined, but we think it is without merit.

### The Matter of Penalties.

■ The Board of Tax Appeals assessed 50 per cent. fraud penalties against B. P. Wickham for the years 1917 to 1923, inclusive. Similar penalties against E. A. Wickham are not now claimed, owing to the death of E. A. Wickham.

As a basis for the penalties against B. P. Wickham, the Board of Tax Appeals found: "The returns filed by the petitioner B. P. Wickham for each of the years involved were false and fraudulent and were so made and filed with the intent of evading the tax."

The question on this appeal is whether this finding is supported by any substantial evidence.

There is evidence tending to show that the individual returns of B. P. Wickham for the years prior to 1923 reported no income from the partnership, although the partnership had net income for each of those years.

For the year 1923 the income of the partnership was $74,034, and the share of B. P. Wickham was $37,017. His original return for that year reported $14,119 from the partnership.

The filing of the amended returns in 1924 after the commencement of the investigation by the government did not wipe out or cure the falsity of the original statements.

Further, if the partnership was, during the years in question, composed of two members only, as the Board of Tax Appeals has found, and we think correctly, then the amended returns of B. P. Wickham made in 1924 were false and fraudulent in that they reported as belonging to him 30 per cent. instead of 50 per cent. of the partnership earnings.

Further, the amended returns of 1924 were false and fraudulent in that they omitted taxable income received by the partnership for work performed for the city of Council Bluffs for the years 1917 to 1923, inclusive, amounting to about $208,000.

It is attempted to excuse these false returns by testimony that B. P. Wickham was a simple-minded man and did not understand the returns that he signed and verified. This

testimony did not impress the Board of Tax Appeals, nor has it impressed us.

In view of all the evidence bearing upon the matter, we cannot say that this finding against B. P. Wickham by the Board of Tax Appeals was not supported by substantial evidence.

The findings and order of the Board of Tax Appeals in each case are approved and confirmed, and the petition for review in each case is dismissed.