**ARBIE MINERAL FEED COMPANY, Inc., Appellee,**

v.

**Milo NISSEN and Gary Nissen, Appellants.**

**No. 54178.**

Supreme Court of Iowa.

Sept. 2, 1970.

James Furey and Leighton A. Wederath, Carroll, for appellants.

Neiman, Neiman, Stone & Spellman, Des Moines, for appellee.

LeGRAND, Justice.

This is an appeal from judgment against defendants for $2448.16. The trial court found defendants held themselves out as partners and were now estopped to deny liability for merchandise sold to them by plaintiff. Although both defendants appealed, Milo Nissen apparently concedes the judgment against him is proper. Only Gary Nissen argues for reversal.

Subsequent to the filing of the record, plaintiff moved to dismiss this appeal pursuant to rule 348(e), Rules of Civil Procedure. We ordered that motion submitted with the appeal, and we now consider it before discussing the errors assigned for reversal.

Plaintiff bases its motion to dismiss on the ground that defendants seek only to have us pass on the sufficiency of the evidence to sustain the trial court's judgment. Plaintiff claims no objections were made at the time the evidence was offered; no motion was made in the trial court challenging the sufficiency of the evidence; and asserts we are therefore without jurisdiction to review such findings.

Plaintiff's argument is based in part on the manner in which the case was

tried. Frequent—and lengthy—objections were made but ruling was reserved by agreement between court and counsel. No ruling was ever made, and none was requested. The objections made are therefore deemed waived. Reed v. Bunger, 255 Iowa 322, 334, 122 N.W.2d 290, 298.

■ However, even though we therefore consider the evidence as being received without objection, defendants in this law action tried to the court without a jury may nevertheless raise here the sufficiency of the evidence to sustain the judgment. Rule 179, Rules of Civil Procedure, expressly provides one may do so even if no such objection was made in the trial court. Murphy v. Adams, 253 Iowa 235, 238, 111 N.W.2d 687, 689; Grall v. Meyer, Iowa, 173 N.W.2d 61, 63. The motion to dismiss the appeal is therefore overruled.

Defendants assign two errors for reversal. They are (1) permitting plaintiff to amend its petition to conform to the proof after trial had been completed; and (2) finding that defendants were estopped to deny liability as partners.

We consider first the claim that there was no substantial evidence to sustain the trial court's finding that defendants are estopped to deny they were partners at the time of the purchase upon which plaintiff's claim is based.

■ In a law action tried without a jury, the trial court's findings have the same effect as a special jury verdict. We are bound by the facts thus established if there is substantial evidence to support them. We do not weigh the evidence; we only decide if there is a proper basis upon which the trial court *could* find as it did. Ver Steegh v. Flaugh, 251 Iowa 1011, 1022, 103 N.W.2d 718, 725; Grall v. Meyer, Iowa, 173 N.W.2d 61, 63 and citations; Rules 334 and 344(f), R.C.P.

We recite briefly the evidence upon which the trial court acted. Defendants presented no testimony, and the record contains only that introduced by plaintiff.

Milo Nissen and Gary Nissen are father and son. For some years prior to 1968 they engaged in farming operations as partners. In 1965, they entered into a written dealer agreement for the purchase of plaintiff's products in which they designated themselves as partners. For a period of almost three years the parties dealt with each other on this basis.

On January 31, 1968, the sale here in dispute was made by plaintiff's agent, Leonard Wade. The written order was first made out to Nissen & Nissen, according to previous custom. At Milo Nissen's request it was then changed by plaintiff's agent to show a sale to him alone. A check for the amount of the purchase price was given by Milo Nissen. This check was later returned unpaid for insufficient funds.

The trial court found that defendants were estopped to deny their liability as partners because of the past dealings between the parties; that plaintiff was justified in relying on their previous representations that they were partners; and that plaintiff extended credit on such reasonable belief. The trial court concluded both defendants were liable for the purchase made in the individual name of Milo Nissen.

The court made no finding that defendants were in fact partners, and there is evidence indicating the partnership had been dissolved prior to January of 1968. We agree with the trial court that liability must be sustained, if at all, on the theory of estoppel; but we disagree that there is substantial evidence to obligate Gary. We therefore reverse as to the judgment against him.

■ Partnership by estoppel arises when one person holds himself out as a partner, or permits another to do so, although no partnership actually exists, and thereby induces a third party to extend credit or otherwise act to his detriment. 40 Am.Jur., Partnership, sections 71–73, pages 178–181; In re Estate of McDonald. 167 Iowa 582,

587–590, 149 N.W. 897, 899; Anfenson v. Banks, 180 Iowa 1066, 1090–1098, 163 N.W. 608, 615–617; DeLong v. Whitlock, 204 Iowa 701, 704, 215 N.W. 954, 955; Cuttill v. Harrington, 185 Iowa 537, 540, 170 N.W. 788; Crist v. Tallman, 190 Iowa 1248, 1253, 179 N.W. 522, 524.

■■■ One of the indispensable elements of partnership by estoppel is that the party justifiably relied on the representations made and was misled thereby. We find no evidence whatever from which it could be found that plaintiff was misled. Milo asked that the written order be made to him alone; plaintiff's agent consented. In view of this departure from the past practice of designating the partnership of Nissen & Nissen as purchaser, how can it be claimed plaintiff was misled?

What other purpose could such a request have except to declare Milo as the sole purchaser? Mr. Wade, plaintiff's agent, was an experienced employee. He had been with plaintiff for eight years. He was the corporation's district representative, No denial of his authority to act for plaintiff is made. He had dealt with Milo and Gary for almost three years. Unitl now all orders had been made in the partnership name.

We can see no possible conclusion from this sequence of events except that the contract sued on was between plaintiff and Milo individually. We hold the record is totally lacking evidence from which it could be found plaintiff justifiably assumed it was extending credit to a partnership or was misled by any representations made by either Milo or Gary.

We find there is no substantial evidence to support the trial court's findings against Gary. The judgment against him is therefore reversed. The judgment against Milo is affirmed.

In view of our conclusions, we find it unnecessary to consider the alleged error in permitting plaintiff to amend its petition to conform to the proof.

Affirmed as to Milo Nissen.

Reversed as to Gary Nissen.

All Justices concur.