[Civ. No. 14182. Second Dist., Div. One. Oct. 16, 1943.]

HAZEL FITZGERALD, Appellant, v. MILLION DOLLAR THEATRE, INC. (a Corporation) et al., Respondents.

Porter C. Blackburn and Marion P. Betty for Appellant.

Chase, Barnes & Chase and Stanley N. Barnes for Respondents.

YORK, P. J.—The instant litigation is based upon a claim for personal injuries alleged to have been suffered by appellant from a blow she received in the back of her head and neck while viewing a motion picture performance in respondent theatre. At the trial, evidence was restricted to the establishment of liability and at the close thereof, judgment was rendered in favor of the defendants, Million Dollar Theatre, Inc., and R. G. Pollack. This appeal is prosecuted from such judgment.

From the testimony of appellant it appears that during the year 1941, she went to the respondent theatre, was conducted to a seat by an usher using a flashlight and after she was seated for "about 15 or 20 minutes . . . all of a sudden I felt some licks on my head and neck, and I felt faint and was out for some time, I don't know just how long, and when I came to a man apologized to me, he was sorry he hit me; he didn't see me. . . . After that . . . I went in the lobby and there I walked up to the rest room and got a bath towel for my head, and the maid came over and I got a nickel from her and made a telephone call and went home." She also testified that she was seated "in the middle section about the center on the last row" in the theatre and that after she recovered consciousness, an usherette "took me by the arm and took me upstairs. . . . I was crying. I didn't say anything only I wanted to make a telephone call. . . . I think there was one person in the office. I am not sure, but the maid talked to me in the rest room." In answer to the question: "When you were struck did you see the person that struck you?," appellant answered: "All I know is that something hit me and I went out, and I told you I was hysterical and was crying." She was then asked what was said to her after she came to by the man who apologized to her. To this question an objection made by respondents' counsel to the effect that it was not binding on any of the respondents and was hearsay as to them, was sustained by the court.

Respondents' objections were also sustained to the following offers of proof submitted by appellant's counsel:

(1) "Mr. Betty: I offer to prove that the man standing behind her stated he was sorry that he kicked her; he didn't see her; he was trying to get over the seat and had kicked her. And this was in the presence and hearing of an employee of the theatre, the usher."

(2) "We offer to prove by these other witnesses that during the year 1941 prior to the accident they both entered

the theatre at least twice a month, one of them at certain times and the other at other times, and during those times they observed the constant habit of men and boys climbing over seats, and in the process of doing so that they put their legs over the back of seats; and on no occasion was there any interference with that process by the operators of the theatre or the employees, and at no time did the usherettes or any of the employees protest or do anything to prevent it happening, and at other times they were joggled during the performance by this conduct of the other people."

It is here contended by appellant:

(1)   The law charges the defendant theatre corporation with the duty of guarding the safety of its patrons against danger arising from the conduct of other patrons or third persons if such conduct is within the express or implied knowledge of the said corporation.

(2)   That it was error to bar appellant's evidence tending to show how she sustained her injury through the introduction of the declaration of a co-defendant who perpetrated the deed, where such declaration formed a part of the transaction.

(3)   That it was error for the court to foreclose appellant from introducing evidence of the custom approved by the respondent theatre corporation which permitted the wrongful use by patrons of the backs of seats as a passageway to the front of the theatre.

The case of *Worcester* v. *Theatrical etc. Corp.*, 28 Cal.App.2d 116, 119 [82 P.2d 68], which was an action for damages for personal injuries brought by plaintiff, a patron of defendant's theatre, who was kicked by a sailor sitting behind her apparently asleep, but who was later found to be intoxicated,—answers appellant's first point in the following language:

"There is no doubt that the respondent owed to the appellant a reasonable degree of care to see that she was not injured on the premises. However, the respondent was not an insurer of appellant's safety and could be held liable only where it knew, or should have known of existing danger. There is no evidence of any actual knowledge on the part of respondent of the sailor's condition prior to the accident."

In the instant case, appellant's testimony tended to prove an injury, but no competent evidence was offered to prove more than that. Under such circumstances, the decision of the trial court was not only justified, it was the only possible

decision. (*Marple* v. *Manspeaker,* 88 Cal.App. 682 [263 P. 1022].)

Appellant testified she "felt some licks on my head and neck" and then passed out. She did not know what hit her. She claimed a man apologized to her saying he was sorry that he hit her, but while he was joined as a co-defendant herein as John Doe, he was never served and was not produced as a witness.

In *Williams* v. *Southern Pac. Co.*, 133 Cal. 550, 554 [65 P. 1100], it is stated: "Expressions of persons, who are actors, made during the occurrence, may generally, but not always, be proved. If spontaneous, and caused by the event, they may nearly always be shown. But if, afterwards, no matter how shortly afterwards, there is an attempt to explain what has happened, or to account for it, or to defend one's self, or the like, it is incompetent and inadmissible as *res gestae.* A narrative, even if given during the occurrence is inadmissible . . .," for the reason that it is not a spontaneous outgrowth of the occurrence.

See, also, *Showalter* v. *Western Pac. R. R. Co.*, 16 Cal.2d 460, 466 [106 P.2d 895], and *Heckle* v. *Southern Pac. Co.*, 123 Cal. 441 [56 P. 56].

Appellant testified she did not know how long she remained unconscious, consequently, it cannot be said that the apology which she received from some man, who spoke to her after she regained consciousness, was of such a spontaneous nature as to form a part of the transaction.

Appellant's attempt to prove as a custom what the witness Park had seen in the theatre on previous occasions, namely, that patrons in their endeavor to reach front seats in the theatre, instead of using the aisles, climbed over the seats from one row to another, was properly rejected by the trial court, because of lack of proof that any such custom prevailed at the time appellant was viewing the performance, or that her injuries were caused by such acts. It should not be overlooked, in this connection, that appellant was seated in the last row of seats in the theatre.

In the circumstances presented by the record herein, the evidence produced is insufficient to establish liability on the part of respondents for the injuries received by appellant.

For the reasons stated, the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.