Viola GRALL and Charles Grall, Appellees,

v.

Paul MEYER, d/b/a Plamor Ball Room, Appellant.

No. 53634.

Supreme Court of Iowa.

Dec. 9, 1969.

Johnson, Burnquist & Erb, Fort Dodge, for appellant.

Bastian, Beisser & Carlson, Fort Dodge, for appellees.

LeGRAND, Justice.

This is an action by Viola Grall and Charles Grall, husband and wife, for injuries sustained by Viola Grall while she was a paying patron at defendant's dance hall. Charles Grall was not himself injured and joins as plaintiff only to recover for loss of consortium. We refer to the wife as though she were the sole plaintiff.

Defendant is the owner of Plamor Ball Room in Fort Dodge. The hall is a large rectangular room with an elevated stage at the north end and built-in booths along the entire east and west walls. The south end leads into a lobby. When necessary to provide more seating space, defendant installs movable tables and chairs along the east side parallel to the booths. There are then two rows of seating accommodations with an aisle between. When set up in this fashion, the tables and chairs encroach upon what is normally dancing area.

Plaintiff was familiar with the dance hall and its arrangement. She attended dances there three or four times each year. On May 7, 1966, she and her husband, together with another couple, arrived at Plamor Ball Room about 10:15 P.M. They found an empty booth, and plaintiff and her husband immediately set out to dance.

They had danced only a few moments when plaintiff tripped over a chair belonging to one of the movable tables and fell to the floor, sustaining the injuries for which she now seeks recovery.

The case was tried to the court without a jury. At the conclusion of the evidence, the court made brief findings of fact which merely recited defendant was negligent for failing to provide a safe place for plaintiff to dance. Plaintiff was awarded judgment for $3424.30, and her husband was given $200.00 for loss of consortium. We give no further consideration to the plaintiff's injuries nor to the amount of the recovery allowed, since they are not important to this appeal.

Defendant assigns three errors but they raise only one issue—that there is insufficient evidence to support the findings of the trial court.

■ The findings of fact by the court in jury-waived cases have the effect of a special verdict. They are binding on us if there is substantial evidence to support them. Rules 334 and 344(f) (1), Rules of Civil Procedure; Hackney v. Tower, 260 Iowa 1101, 1105, 152 N.W.2d 257, 259; Naxera v. Wathan, Iowa, 159 N.W.2d 513, 516; Townsley v. Sioux City, Iowa, 165 N.W.2d 523.

■ Several other well established rules are applicable here. One is that we construe the evidence broadly to uphold, rather than defeat, the trial court's judgment. Clark v. Marietta, 258 Iowa 106, 109, 138 N.W.2d 107, 109; Schnabel v. Vaughn, 258 Iowa 839, 845, 140 N.W.2d 168, 172; Brooks v. Dickey, Iowa, 158 N. W.2d 11, 13. Another is that negligence, contributory negligence and proximate cause are ordinarily questions to be determined by the trier of fact. Only in exceptional cases are they determined as a matter of law. Rule 344(f) (10), R.C.P.; Smith v. J. C. Penney Company, 260 Iowa 573, 576, 149 N.W.2d 794, 796.

■ The record before us is quite short. The entire case was tried without objection by defendant to the admission of testimony or other rulings of the trial court. No motion was made attacking the sufficiency of the evidence. No motion for new trial was filed. Under the provisions of rule 179, R.C.P., defendant may still raise here the question of sufficiency of the evidence to sustain the findings of the trial court. Murphy v. Adams, 253 Iowa 235, 238, 111 N.W.2d 687, 689. That is the only question presented to us by this record.

■ At the time of the injury plaintiff was an invitee at defendant's place of business, and her right to recover is dependent upon the duty he owed her under such circumstances. An owner or occupier of real estate is not an insurer of those who use his property by invitation. He must only use reasonable care to make the premises safe for the intended use. There are numerous cases setting out this rule, and we cite only two of our more recent ones. Hanson v. Town and Country Shopping Center, Inc., 259 Iowa 542, 547, 144 N.W. 2d 870, 874; Weidenhaft v. Shoppers Fair of Des Moines, Inc., Iowa, 165 N.W.2d 756, 758, 759 and citations.

■ We have sometimes said the duty of one who operates a place of entertainment or amusement is higher than that of the owner of private property generally. Priebe v. Kossuth County Agricultural Ass'n, 251 Iowa 93, 98, 99 N.W.2d 292, 295; Foust v. Kinley, 254 Iowa 690, 694, 117 N.W.2d 843, 845, 846. See also 86 C. J.S. Theaters and Shows § 42a, and § 42b (2), pages 726 and 730; and 4 Am.Jur.2d, Amusements and Exhibitions, section 85, page 209. This, however, does not change the standard of reasonable care by which liability is measured. All it does is recognize that the greater the danger, the higher the precaution necessary to constitute reasonable care.

Usually those operating places of entertainment or amusement do so under condi-

tions which bring together large crowds whose conduct is difficult to supervise or control. Frequently such places involve participation in some game or sport, or watching some game or sport, with inevitable attendant dangers. The law requires only reasonable care of the operator of such places to protect his invitees from those dangers which he can or should anticipate under those conditions.

In Foust v. Kinley, supra, 254 Iowa at page 694, 117 N.W.2d at page 846, we said, "He [the operator of a place of amusement] is not an insurer of the safety of patrons but owes to them only what, under the particular circumstances, is ordinary and reasonable care. He must guard them not only against dangers of which he had actual notice but also against those he should reasonably anticipate. Failure to carry out such duty is negligence."

In LaSell v. Tri-States Theatre Corporation, 233 Iowa 929, 955, 11 N.W.2d 36, 47, after stating that increased danger requires increased watchfulness to avoid injury, we said, "In fact, it [partial darkness] requires him to increase his care and watchfulness, if necessary, to make it commensurate with and in proportion to the patent and to the reasonably expectable and foreseeable dangers which may injure his invitees and patrons. Such increased care, nevertheless, is nothing more than the legal standard of ordinary, or reasonable, care. * * *"

■ In Priebe v. Kossuth County Agricultural Association, Inc., 251 Iowa 93, 104, 99 N.W.2d 292, 299, we quote with approval from Schubart v. Hotel Astor, Inc., 281 N.Y. 597, 22 N.E.2d 167, as follows: "When one assembles a crowd * * * upon his property for purposes of financial gain to himself he assumes the responsibility of 'using all reasonable care to protect the individuals from injury from causes reasonably to be anticipated.' * * *; and whether * * * the precautions taken are sufficient is ordinarily a question for the jury to determine under all the circumstances."

We must decide if, under these general rules, there was substantial evidence under which the trial court could find defendant negligent. We hold there was.

■ Beginning with Hanson v. Town and Country Shopping Center, Inc., supra, our business-invitee rule has been qualified to put it more in harmony with rules 343 and 344, Restatement, Second, Torts. Prior to Hanson we held a possessor of real estate was not liable for injuries from dangers of which the injured person had actual knowledge. Atherton v. Hoenig's Grocery, 249 Iowa 50, 54, 86 N.W.2d 252, 255. Since Hanson, the owner of land may nevertheless be liable if the circumstances are such that he should anticipate the harm despite the invitee's knowledge of such danger.

In Hanson, at page 547 of 259 Iowa Reports, at page 874 of 144 N.W.2d, we state the rule this way, "Defects in premises which are in no sense hidden and could only be classified objectively as open and obvious, may be of such nature that the possessor should know the invitee would not anticipate or guard against them in using the premises within the scope of the invitation. To arbitrarily deny liability for open or obvious defects and apply liability only for hidden defects, traps or pitfalls is to adopt a rigid rule based on objective classification in place of the concept of the care of a reasonable and prudent man under the particular circumstances."

This statement is referred to with approval in Smith v. J. C. Penney Co., supra, at page 585 of 260 Iowa Reports, 149 N.W.2d 794.

We have consistently applied this rule in a number of recent cases. They are set out in Weidenhaft v. Shoppers Fair of Des Moines, Inc., Iowa, 165 N.W.2d 756, 759.

While we have not always been in complete agreement as to what facts bring a particular case within the Hanson rule, we have been in accord that the rule itself is now the proper test against which negli-

gence should be measured in such cases. As used here, "defect" includes any hazardous condition on the premises to which the invitation extends.

In the controversy before us we believe there is substantial evidence of negligence upon which a finding of liability could be based. Or, to put it another way, if this case had been tried to a jury, the evidence would have presented a jury question on defendant's negligence.

■ Defendant arranged his dance hall so that tables and chairs were placed on what was normally the dancing area. According to the evidence he knew this involved some hazard to dancers. Defendant knew, too, that persons using these tables would from time to time get up to dance, to get a drink at one of the two bars, or to visit the restrooms. He knew other persons would be dancing in the vicinity of these tables, and that some of them would be unable to see the movement of these persons and the change in position of the chairs. There is evidence that the chair which caused the injury was pushed back into the dancing area just a few seconds before the accident. There is also evidence it was moved as far as eight feet away from the table.

Defendant had instructed his help to see that the chairs were always pushed back close to the table. He had employees whose specific duties included the task of avoiding the very situation which caused the accident here. He knew persons sometimes danced backwards and could not be closely attentive to conditions behind them. We believe there was a fact question which required the trial court to decide whether defendant's conduct constituted negligence.

■ Despite defendant's argument to the contrary, this is not a case where one should not be held liable for the unauthorized, unexpected, or illegal acts of a third person. See discussion in Foust v. Kinley, 254 Iowa 690, 694, 698, 117 N.W.2d 843, 846, and authorities there cited. This is an injury which the trial court could properly find resulted from conditions *created* by the defendant and upon which he should have anticipated others would necessarily act within the scope of the invitation. Implicit in this is the element emphasized in the Hanson opinion and later cases: under the conditions he created should defendant have expected plaintiff, while acting within the scope of the invitation, would fail to realize the danger of the known condition and would fail to protect herself against it?

This is a fact question upon which there was substantial evidence to support the trial court's findings. See discussion in Hanson v. Town and Country Shopping Center, Inc., supra, 259 Iowa at pages 547–549, 144 N.W.2d 870.

■ Defendant also argues plaintiff was guilty of contributory negligence and assumption of risk as a matter of law. We do not agree.

There is no specific finding by the trial court on either of these issues, both of which were raised by defendant's answer. Defendant made no motion for enlarged findings under rule 179, R.C.P. In the absence of such a request we assume the trial court's conclusion that plaintiff was entitled to judgment necessarily included a determination adverse to defendant on these affirmative defenses.

■ We point out defendant had the burden of proving plaintiff's contributory negligence or her assumption of risk. It is only rarely that one is entitled to a favorable ruling *as a matter of law* on an issue which it is his burden to prove. Berge v. Harris, Iowa, 170 N.W.2d 621, 623, and citations. This is not such a case.

We hold there was substantial evidence to sustain the trial court's findings, which are therefore binding on us. The judgment of the trial court is affirmed.

Affirmed.

All Justices concur, except REES, J., who takes no part.