Albert F. MARTINKO, Administrator of the Estate of Michelle Martinko, Deceased, Appellant,

v.

H–N–W ASSOCIATES, a Limited Partnership, d/b/a Westdale Mall; Westdale Associates d/b/a Westdale Mall Merchants Association; Ernest W. Hahn, Inc.; Harry Newman, Jr.; Leroy H. Brettin; Robert P. Lawrence; and Stephen E. Gordon, Appellees.

No. 85–1303.

Supreme Court of Iowa.

Sept. 17, 1986.

Mary K. Hoefer and Hugh G. Albrecht of Tom Riley Law Firm, P.C., Cedar Rapids, for appellant.

James F. Pickens, Cedar Rapids, for appellees.

LAVORATO, Justice.

The district court entered summary judgment in favor of the defendants, the owners, operators, and merchants' association of Westdale Mall Shopping Center in Cedar Rapids. *See* Iowa R.Civ.P. 237. The plaintiff, Albert F. Martinko, administrator of his daughter's estate, had sought damages for her death. He alleged that his daughter was killed on the defendants' premises and that they were negligent for not providing reasonable security for her safety.

In granting the motion [1] the court concluded the plaintiff did not generate a genuine issue of material fact on the defendants' duty to protect his daughter against the criminal conduct of third persons. The plaintiff now appeals from this judgment. We affirm.

█ Whether the defendants owed the plaintiff's daughter a duty is our only issue, which is an appropriate one for summary judgment. *See Jacobs v. Stower*, 243 N.W.2d 642, 643–44 (Iowa 1976). Principles governing the review of grants of summary judgment are summarized in *Knapp v. Simmons*, 345 N.W.2d 118, 121 (Iowa 1984):

> Summary judgment is proper when there is no genuine issue of fact and the moving party is entitled to the judgment as a matter of law. The burden of showing the nonexistence of a material fact is upon the moving party. While an adverse party generally cannot rest upon his pleadings when the moving party has supported his motion, summary judgment is still not proper if reasonable minds could draw different inferences and conclusions from the undisputed facts. In this respect, summary judgment is functionally akin to a directed verdict; every legitimate inference that reasonably can be deduced from the evidence should be afforded the nonmoving party, and a fact question is generated if reasonable minds can differ on how the issue should be resolved.

(Citations omitted.) *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. ——, ——, 106 S.Ct. 2505, 2509–15, 91 L.Ed.2d 202, 211–17 (1986) (Fed.R.Civ.P. 56).

On December 19, 1979, Michelle Martinko drove to the mall, which had opened two months earlier, and parked in the southwest section of the adjacent parking lot. She was seen in the mall about 9:30 p.m., one-half hour before it closed and security personnel began patrolling the lot.

The next morning Michelle was found dead in her car, which was parked in the northwest section of the lot, fifty yards from the mall's nearest entrance. Her car was parked in this area around 10:00 the night before, the estimated time of death. It appears Michelle was killed inside the car, which apparently was not broken into. Her tragic death remains unsolved.

The plaintiff sought to impose liability on the defendants for his daughter's death under Restatement (Second) of Torts, section 344, at 223–24 (1965), which provides:

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose for physical harm caused by the ... intentional harmful acts of third persons ... and by the failure of the possessor to exercise reasonable care to
>
> (a) discover that such acts are being done or are likely to be done, or
>
> (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

The nub of this section is foreseeability: Since [a] possessor [of land] is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care *unless he knows or has reason to know that the acts of the third person are occurring, or about to occur* ... if the *place* or *character* of his business, or his *past experience*, is such that he should reasonably anticipate ... criminal conduct on the part of third persons ... he may be under a duty to take precautions against it....

*See* Restatement, *supra*, comment *f*, at 225–26.

In *Foust v. Kinley*, 254 Iowa 690, 694, 117 N.W.2d 843, 846 (1963) we adopted section 348 of the Restatement,[2] the prede-

---

1. All defendants except Stephen E. Gordon moved for summary judgment.

2. This section provided that a possessor of land who holds it out to the public for entry for his business purposes, is subject to liability to members of the public while upon the land for such a purpose for bodily harm caused to them by the accidental [or] negligent ... acts

cessor to section 344. In that case a patron was struck in the head by a companion's golf club when he left a driving stall to retrieve some spilled golf balls. The district court sustained a motion for directed verdict. We affirmed the judgment because the plaintiff was injured "as a result of a sudden, isolated act which could not have been anticipated." 254 Iowa at 598, 117 N.W.2d at 848.

We agree with the plaintiff section 344 applies to the facts of this case. The important question is whether the defendants should have foreseen the attack on the plaintiff's daughter at the Cedar Rapids mall because of their past experience. The plaintiff produced evidence that in the four previous years 126 crimes had been reported at twenty-six other malls, in which the defendants owned interests, around the country.

■ There was no evidence that shopping malls are businesses characterized by a *likelihood* that third persons may endanger their patrons. *See* Restatement, *supra,* comments *d, f,* at 225–26. Thus, whether some crimes occurred at the defendants' other malls in other cities, states, or countries is not probative of foreseeability in this case. There was also no evi-

dence that this mall, or even its surrounding area, suffered from *any* crimes, much less violent ones.[3] To hold as the plaintiff argues places liability on the defendants regardless of foreseeability.

■ The plaintiff argues that unless we consider his evidence on other crimes at other malls, the defendants are granted one "free" crime before they can be held liable. An absence of criminal conduct, however, does not preclude the existence of a duty to protect if possessors of land know or have reason to know it is *about to occur. See* Restatement, *supra,* comment *f,* at 225. Moreover, other factors than past experience may establish foreseeability, for example, the place and character of the business. *Id.* Patrons are simply not limited to past experience in establishing that a new business owes them a duty of protection from criminal conduct by third persons.

■ The plaintiff also argues the defendants "were aware of the potential for danger" at their mall because they provided a security force after the mall closed each night. He concludes that under such circumstances it was for a jury to determine whether the defendants acted reasonably in

of third persons ... if the possessor by the exercise of reasonable care could have (a) discovered that such acts were being done or were about to be done, and (b) protected the members of the public by (1) controlling the conduct of third persons....

**3.** The plaintiff asserts the district court was improperly influenced by the "highly unusual and brutal" crime in this case. He argues it is not necessary for possessors to anticipate the particular crime involved; it is enough if the general character of the injury is such that the crime might reasonably have been anticipated. We need not decide in this case, however, whether evidence showing a history of similar crimes is necessary to put possessors on notice of criminal conduct by third persons.

In the absence of a history of similar acts in the area in question, most jurisdictions have not allowed plaintiffs to present their claims to juries. *See, e.g., Gillot v. Washington Metropolitan Area Transit Authority,* 507 F.Supp. 454, 457–58 (D.D.C.1981) (rape in parking lot; no history of criminal attacks; defendant granted summary judgment); *Tolbert v. Captain Joe's Seafood,*

*Inc.,* 170 Ga.App. 26, 316 S.E.2d 11, 12–14 (1984) (robbery and rape in restaurant parking lot; history of one previous theft; summary judgment for defendant affirmed); *Taylor v. Hocker,* 101 Ill.App.3d 639, 57 Ill.Dec. 112, 113, 114–15, 428 N.E.2d 662, 663, 664–65, *appeal denied,* 91 Ill.2d 557 (1982) (stabbing in mall parking lot patrolled by security force; history of numerous shoplifting incidents, thefts from and of cars, and one assault; summary judgment for defendant affirmed); *Shipes v. Piggly Wiggly St. Andrews, Inc.,* 269 S.C. 479, 238 S.E.2d 167, 168–69 (1977) (assault in store parking lot; history of one theft at store and one arrest in parking lot; directed verdict for defendant affirmed); *Cornpropst v. Sloan,* 528 S.W.2d 188, 190, 198 (Tenn. 1975) (assault in shopping center parking lot; complaint stated history of other crimes, assaults, and acts of violence in immediate vicinity; dismissal granted and affirmed). *Cf. Isaacs v. Huntington Memorial Hospital,* 38 Cal.3d 112, 695 P.2d 653, 655–56, 661–62, 211 Cal.Rptr. 356 (1985) (shooting in hospital parking lot; history of numerous assaults or threatened assaults on premises and thefts near them; nonsuit for defendant reversed).

not providing security in the parking lot during store hours.

A similar argument was made and rejected in *Cook v. Safeway Stores, Inc.*, 354 A.2d 507, 509 (D.C.App.1976). In that case a woman was injured when she attempted to restrain a purse snatcher from fleeing a grocery store. The store was granted a directed verdict in an action against it for the woman's injuries. In affirming, the court observed that providing a security force was viewed by the plaintiff

> as an implied admission by management of the awareness of the continuing existence of such dangers and a correlative duty to protect its patrons accordingly. In our opinion, [the plaintiff] would have us infer too much from the fact that certain banking and retail establishments do hire guards, for their primary duty is not to guard against harm to customers but to deter robbers from holding up cashiers and to curb shoplifting. In other words, whatever protection business visitors to a bank or shop derive from the presence of guards is merely incidental.

354 A.2d at 509. We believe this reasoning applies to the facts of this case. The plaintiff infers too much from the employment of a security force after store hours. Obviously, the defendants took this precaution to protect their property from vandals and burglars, and not to protect patrons, who would have no reason to be on it.

We conclude the plaintiff did not generate a genuine issue of material fact that the defendants either knew or had reason to know of criminal conduct by third persons. Therefore, they owed no duty of protection to the plaintiff's daughter.

AFFIRMED.

All Justices concur except LARSON, CARTER and SCHULTZ, JJ., who dissent, and NEUMAN, J., who takes no part.

LARSON, Justice (dissenting).

Despite the majority's protestations to the contrary, I believe the effect of this decision is to give crime a free bite in the shopping center before such occurrences may be considered foreseeable. This is so despite the experience of these defendants in other localities which showed they were, in fact, foreseeable.

I believe there was sufficient evidence of foreseeability to generate a fact issue and that the motion for summary judgment should have been denied.

SCHULTZ and CARTER, JJ., join this dissent.

CARTER, Justice (dissenting).

I dissent. I cannot accept the "no duty" analysis which the court employs to sustain the grant of summary judgment for the defendants. The rule of liability stated in section 344 of Restatement (Second) of Torts (1965) is facially applicable to the defendants in the present case. That rule accepts as a given that the risk of third persons causing physical harm to business invitees is sufficiently foreseeable that the business invitor must take reasonable precautions to alleviate this danger. Accordingly, the *existence* of the duty which imposes this type of liability is not dependent upon foreseeability of harm. Foreseeability only bears on the question of whether the duty has been breached.

The Restatement rule makes the possessor of land (here the defendants) liable to members of the public for physical harm caused by the intentional harmful acts of third parties if the possessor fails "to exercise reasonable care to (a) discover that such acts are being done or are likely to be done, or (b) give a warning adequate to enable the visitors to avoid the harm." All that is necessary to subject a possessor of land to the duty imposed by section 344 is to show that (1) the premises were held open to the public for entry for business purposes and (2) the injured party was on the land for business purposes. The element of holding open for public purpose is established in the present case without dispute. The question of whether the victim was on the premises for business purposes, while perhaps disputed, has not been negated by defendants as a matter of law in

their summary judgment motion. Consequently, the business invitor's duty of reasonable care must be considered to exist for purposes of deciding the motion for summary judgment.

This leaves other important issues which must be resolved before liability can be imposed. These include (a) whether the duty to exercise reasonable care was breached and, (b) if so, whether breach of that duty was a legal cause of the injury sustained. The issues argued on appeal do not include the question of whether there are any genuine issues of material fact with respect to these matters. On the issues which have been argued, I would reverse the grant of summary judgment.

LARSON and SCHULTZ, JJ., join this dissent.