**William H. MANGOLD and Connie Mangold, Husband and Wife, Plaintiffs-Appellees,**

v.

**RIVERSIDE CHAMBER OF COMMERCE, INC., A Corporation, Defendant-Appellant.**

No. 83–929.

Court of Appeals of Iowa.

June 26, 1984.

Ronald W. Wendt of Nazette, Hendrickson, Marner & Good, Cedar Rapids, for defendant-appellant.

Jay H. Honohan and Maurine A. Braddock of Honohan, Epley, Kron & Haymond, Iowa City, for plaintiffs-appellees.

Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

DONIELSON, Judge.

Defendant appeals from the trial court's order granting plaintiffs' motion for new trial. Plaintiffs were injured while attending a demolition derby sponsored by defendant. In this negligence suit brought by plaintiffs, the jury returned a verdict for defendant. The trial court, however, granted plaintiffs' motion for new trial on the ground that its instructions to the jury had not correctly stated the duty of care owed to patrons by the proprietor of a place of public amusement. Defendant contends on appeal that the jury instructions correctly stated its duty of care. We reverse.

Plaintiff William Mangold, a spectator at a demolition derby, was injured when a demolition derby car hit a track barrier which then hit him. Mangold sued the

sponsor of the demolition derby, defendant Riverside Chamber of Commerce, Inc. Mangold's wife also sued, seeking damages for loss of consortium.

Plaintiffs alleged that defendant had been negligent by failing to erect an adequate barricade and by failing to give adequate warnings of danger. Defendant's case was based on evidence that the spectators had been given numerous warnings to move back from the track barrier (telephone poles strapped to cement retainers with heavy wire) and the snow fence set up in a semi-circle outside the barrier and attached to it at each corner. Plaintiffs stood behind the fence with a group of people; Mr. Mangold was three to four feet away from the barrier. He and the others heard at least ten various warnings over the loudspeaker system that had been set up around the track to move back from the barrier. Mr. Mangold specifically heard the warnings "stay back away from the barriers" and "don't be close to the barriers." In addition, a deputy sheriff attempted to move people away from the barrier. Plaintiffs and the others in that area would move back away from the barrier on hearing the warnings but would then move back up to the fence and barrier soon thereafter. In fact, before Mr. Mangold sustained his injury, he saw a race car collide with the barrier and move it a few inches close to where he was standing.

A jury returned a verdict for defendant. However, the trial court then sustained plaintiffs' motion for new trial. The court concluded that some of its instructions to the jury had erroneously stated too narrow a standard for the duty of care owed to patrons by the proprietor of a place of public amusement. The court indicated the instructions had not recognized that the proprietor of a place of public amusement is held to a higher duty than the owner of private premises. Defendant appealed the order granting the new trial.

## I.

Defendant contends that the instructions given to the jury correctly stated its duty of care and, therefore, the trial court erred in concluding otherwise in granting plaintiffs' motion for a new trial. Plaintiffs' primary complaint concerned Instructions 13 and 13a which purported to explain the duty of care owed by defendant as an operator of a place of entertainment to plaintiffs as invitees. Because of the importance of these instructions to the disposition of this case, we set them out in full:

### No. 13

The plaintiff alleges that the defendant was negligent in the following particulars:

1. By failing to construct adequate barricades.

2. By failing to inspect its barricades.

3. By building the snow fence too close to the barricades.

4. By failing to warn spectators of any danger.

5. By failing to provide adequate crowd control.

The basic rule of law is that the possessor of real estate is under a duty to use reasonable care to keep its premises safe for use by invitees. This standard of care does not require the premises to be free from all conditions that could possibly cause harm so as to guarantee or insure the safety of all invitees, but a possessor of real estate is liable for physical harm to invitees caused by certain conditions existing on the premises, if he fails to use reasonable care to protect the invitees from harm therefrom, in accordance with the following rules.

The duty of the possessor of real estate to an invitee by reason of a condition of the premises does not arise until the possessor:

a) knows or in the exercise of reasonable care would discover the condition and should realize that it involves an unreasonable risk of harm to an invitee; and

b) should expect that the invitee as a reasonable and prudent person, will not discover or realize the danger or will fail to protect himself against it.

When such duty arises, the possessor must then exercise reasonable care to protect the invitee from danger either by:

1. Eliminating the condition; or
2. Warning the invitee of the danger.

#### No. 13a

However, as to a condition on the premises whose existence and danger is known or obvious to an invitee, the possessor is under no duty to an invitee with respect to such condition unless the possessor, as a reasonable and prudent person, should anticipate harm to the invitee despite such knowledge or obviousness of the condition. In anticipating harm to an invitee under such circumstances, the possessor has the right to assume an invitee will act as a reasonable prudent person.

In applying the above rules of law to this case, you are instructed that you must first determine from all of the facts and circumstances disclosed by the evidence, the actual conditions existing on the premises under defendant's control at the time of the incident involved herein.

If you then find from the evidence:

(1) That the defendant knew or by the exercise of reasonable care would have discovered the particular condition and should have realized it involved an unreasonable risk of injury to a person in the position of plaintiff, and

(2) That the condition was such that a person in the position of the defendant should expect that the plaintiff would not reasonably discover or realize the danger, or would fail to protect himself against it, and

(3) That the defendant failed to exercise reasonable care to protect plaintiff from the danger by either eliminating the condition or by warning plaintiff of the danger, then defendant would be negligent.

The care required of the defendant is to be determined and measured by the care exercised by a reasonable and prudent person acting under like circumstances.

Plaintiffs contended, and the trial court agreed, that these instructions, couched in terms of the duty of a possessor of real estate, did not adequately state the higher standard of care owed by the proprietor of a place of public amusement as is involved here. We agree with defendant that these instructions correctly stated its legal obligations under the circumstances involved in this case. First, it is not disputed that Instructions 13 and 13a correctly state the general law of premises liability with respect to possessors of real estate. *See* Iowa Uniform Jury Instructions (Civil) 22.3. In arguing that a higher standard is called for in this case, plaintiffs refer to *Parsons v. National Dairy Cattle Congress*, 277 N.W.2d 620 (Iowa 1979): " 'The law is well established that a proprietor of a place of public amusement or entertainment is held to a stricter account for injuries to patrons than the owner of private premises generally.' " *Id.* at 623 (citations omitted). However, the court also stated that the rule "does not change the standard of reasonable care by which liability is measured. 'All it does is recognize that the greater the danger, the higher the precaution necessary to constitute reasonable care.' " *Id.* at 624, citing *Grall v. Meyer*, 173 N.W.2d 61, 63 (Iowa 1969).

Thus, the same duty or standard of reasonable care governs both possessors of real estate generally and proprietors of places of public entertainment or amusement in particular. The only difference between the two groups relates to the greater factual dangers more likely present in the latter group than in the former, requiring in turn that such proprietors take more precautions in exercising its duty of reasonable care. However, we do not and cannot specify precisely what precautions defendant was required to take under the particular circumstances of this case. That is the factual question which Instructions 13 and 13a properly presented to the jury in defining defendant's duty to use reasonable care to maintain its racetrack safe for

use by plaintiffs and other invitees. The trial court erred in concluding that Instructions 13 and 13a were erroneously submitted to the jury.

## II.

 The trial court also agreed with plaintiffs that Instruction 14 did not adequately state defendant's duty regarding known dangers or dangers which should have been anticipated. Instruction 14 stated as follows:

> The possessor of land is presumed to know of all conditions on his premises caused or created by him, his agents or employees, and is charged with knowledge thereof without further proof.

> Where the condition on the premises is created by persons for whom the possessor is not responsible, or by events over which the possessor has no control, it must be established that the possessor had actual knowledge thereof that the condition existed for such length of time that in the exercise of reasonable care, the possessor should have known of it.

The trial court ruled that this instruction was erroneous because it did not delineate defendant's duty as proprietor of a place of public amusement to use reasonable care to protect invitees from dangers which could be reasonably anticipated as well as dangers of which defendant had actual notice. That defendant had such duties cannot be disputed. *Parsons*, 277 N.W.2d at 623–24 ("[The proprietor] must guard [the invitees] not only against dangers of which he had actual notice but also against those he should reasonably anticipate.")

We believe that other instructions given to the jury adequately conveyed the requirement that defendant guard against dangers that could be reasonably anticipated. "All [jury] instructions given must be read and considered together and related to each other, not piecemeal or in artificial isolation." *Dickman v. Truck Transport, Inc.*, 224 N.W.2d 459, 464 (Iowa 1974). Instruction 13, quoted above in full in division I, stated in part that defendant's duty does not arise until it "knows or in the exercise

of reasonable care would discover the condition *and should realize that it involves an unreasonable risk of harm* to an invitee" (emphasis added). Instruction 13a, also quoted above, told the jury that it could find defendant negligent if, in addition to other elements, it found that "defendant knew *or by the exercise of reasonable care would have discovered* the particular condition *and should have realized it involved an unreasonable risk* of injury..." (emphasis added). We believe this language was sufficient to tell the jury that defendant was required to protect plaintiffs not only from dangers of which defendant had actual notice, but also from those it should have reasonably anticipated.

Because we conclude that the court properly instructed the jury in this case, the court erred in granting plaintiffs' motion for new trial. We therefore reverse that order and reinstate the jury verdict in favor of defendants. As a result, we need not consider defendant's claim that the trial court erred in overruling its motion for directed verdict.

REVERSED.